IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA, <br><br> *Petitioner*, <br><br> v. <br><br> MONTY WILKINSON, in his official capacity as Acting Attorney General of the United States; JEAN KING, in her official capacity as Acting Director of the Executive Office for Immigration Review; DAVID WETMORE, in his official capacity as Chairman of the Board of Immigration Appeals, <br><br> *Respondents*. | Case No. _____ |

**COMPLAINT AND PETITION FOR A WRIT OF MANDAMUS**

**INTRODUCTION**

1. Petitioner Christian Alberto Santos Garcia is a 23-year-old man who fled gang violence in El Salvador. Despite winning relief from an Immigration Judge on three separate occasions, Petitioner has spent over three years in custody, currently in Farmville, Virginia, where he remains today.

2. In the most recent Immigration Judge ruling, in December 2019, Petitioner won both withholding of removal and relief under the Convention Against Torture. The Department of Homeland Security ("DHS") appealed to the Board of Immigration Appeals ("the Board"). As of this filing, DHS's appeal has been pending before the Board for 313 days. This greatly exceeds the Attorney General's regulations implementing the Immigration and Nationality Act ("INA"), which— absent exigent circumstances not relevant here—mandate adjudication of such appeals within an absolute maximum timeframe of 180 days. *See* 8 C.F.R. § 1003.1(e)(8)(i) (effective Sept. 3, 2019–Mar.

1

31, 2020) ("[T]he Board *shall dispose* of all appeals assigned to a single Board member within 90 days of completion of the record on appeal, or within 180 days after an appeal is assigned to a three-member panel.") (emphasis added).[1]

3. There is no justification for this excessive and unlawful delay. Petitioner suffers ongoing harm because of Respondents' undue delay. Petitioner brings this action to compel Respondents to cause the Board to promptly rule upon DHS's appeal, in accordance with the regulations promulgated by the Attorney General and the Administrative Procedure Act.

## JURISDICTION

4. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Petitioner]."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

5. Jurisdiction is also conferred pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, 706(1). The APA requires the Department of Justice, including the Board, to carry out its duties within a reasonable time. Section 555(b) of Title 5 provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it" (emphases added). Section 702 of

---

[1] In January 2021, the Attorney General issued a final rule amending 8 C.F.R. part 1003. *See* 85 Fed. Reg. 81,588 (Dec. 16, 2020) (effective Jan. 15, 2021). The amendment does not affect the outcome here. First, the key deadlines discussed in this Petition remain unchanged. Second, the amended version, by its plain terms, applies "only to appeals filed, motions to reopen or reconsider filed, or cases remanded to the Board by a Federal court *on or after* the effective date of the final rule." *Id.* (emphasis added). Accordingly, Petitioner cites to the prior version of the regulation throughout the Petition.

Title 5 entitles persons aggrieved by agency action to judicial review, and Section 706(1) directs the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."

## VENUE

6. Venue is proper under 28 U.S.C. § 1391(e) because this is an action against officers of the United States in their official capacities brought in the district where a substantial part of the events and omissions giving rise to Petitioner's claim occurred.

7. Petitioner is detained in this district, at the Farmville Detention Center in Farmville, Virginia.

8. Respondent Jean King is sued in her official capacity as Director of the Executive Office for Immigration Review ("EOIR"), a division of the Department of Justice that is headquartered within this district in Falls Church, Virginia.

9. Respondent David Wetmore is sued in his official capacity as the Chairman of the Board of Immigration Appeals, which is a division of EOIR that is also headquartered within this district in Falls Church, Virginia.

10. The acts and omissions underlying this action—the Board's failure to timely rule on DHS's appeal—were or should have been taken at the headquarters of the Board, which is located in this district in Falls Church, Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. No exhaustion requirements apply to this Petition. Respondents have a clear duty to adjudicate in a timely manner DHS's appeal of the order granting Petitioner's application for withholding of removal and relief under the Convention Against Torture.

12. Petitioner has a clear right to the timely processing of that appeal so that his detention by DHS does not continue to be unduly extended. Respondents have unreasonably delayed the Petitioner's detention by failing to promptly adjudicate DHS's appeal.

13. Petitioner's only adequate remedy lies in this mandamus action to compel the Board to promptly act upon DHS's appeal.

## PARTIES

14. Petitioner Christian Alberto Santos Garcia is a 23-year-old citizen of El Salvador. An Immigration Judge granted Petitioner withholding of removal and relief under the Convention Against Torture in December 2019. Petitioner has been in custody since August 2017.

15. Respondent Monty Wilkinson is sued in his official capacity as Acting Attorney General of the United States. In that capacity, he is responsible for administering aspects of the INA related to immigration and removal of aliens. The Attorney General has promulgated regulations to carry out certain of these responsibilities through EOIR and the Board. *See* 8 C.F.R. part 1003.

16. Respondent Jean King is sued in her official capacity as Acting Director of the Executive Office for Immigration Review, a division of the Department of Justice. Under authority delegated by the Attorney General, EOIR is responsible for adjudicating immigration cases by conducting immigration court proceedings, appellate reviews, and administrative hearings. In her capacity as the Acting Director of EOIR, Respondent King supervises Immigration Judges and the Chairman of the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(a)(2)(i).

17. Respondent David Wetmore is sued in his official capacity as Chairman of the Board of Immigration Appeals, which is a division of EOIR. The Board conducts appellate review of decisions by Immigration Judges, including decisions in removal proceedings. 8 C.F.R. § 1003.1(b)(3). As Chairman of the Board, Respondent Wetmore directs, supervises, and establishes internal operating procedures and policies of the Board and is charged with "[d]irect[ing] the conduct of all employees assigned to the Board to ensure the efficient disposition of all pending cases." *Id.* § 1003.1(a)(2)(i)(C).

## STATEMENT OF FACTS

18. In December 2016, Petitioner filed an application with the Immigration Court in Arlington, Virginia for asylum, withholding of removal, and protection under the Convention Against Torture. In his application, Petitioner recounted how, when he was just 15 years old, he was threatened by members of the 18th Street Gang in El Salvador, who had attempted to take his then-16-year-old cousin, Emily, as a "gang girlfriend" (a euphemism for girls who are raped and controlled by gang members). After Petitioner defended his cousin, the gang threatened to kill both Petitioner and Emily if they did not flee the country. Within a week, Petitioner and Emily fled to the United States. When Petitioner later returned to El Salvador, 18th Street Gang members brutally beat him twice because they claimed they had "unfinished business" with him and "never forgot" to settle old scores. Instead of protecting Petitioner, police officers attacked him, falsely accusing him of being a rival gang member. As a result, Petitioner again fled to the United States and sought immigration relief.

19. After hearing testimony from Petitioner's mother, cousin (Emily), and sister, and after considering the documentary evidence, the Immigration Judge granted Petitioner asylum in an order dated December 22, 2017.

20. DHS appealed, and the parties completed their briefing on April 5, 2018. Just over two months later, on June 13, 2018, the Board issued its decision, concluding that a discretionary grant of asylum was unwarranted, but remanding for the Immigration Judge to consider non-discretionary forms of relief.

21. On remand, the Immigration Judge granted Petitioner withholding of removal but denied relief under the Convention Against Torture. This order, dated August 28, 2018, marked the second time Petitioner had won relief before an Immigration Judge.

22. DHS again appealed, and the parties completed their briefing on December 20, 2018. On April 5, 2019, about three and a half months after the close of briefing, the Board, without reaching the merits of Petitioner's claim, determined that Petitioner was required to testify in support of his claim and could not invoke his Fifth Amendment rights in a blanket manner. (Petitioner had invoked his Fifth Amendment rights because of the threat of prosecution based on an unsubstantiated report of his supposed gang involvement in the United States.) The Board accordingly remanded for further proceedings.

23. After remand, Petitioner moved to reopen the record and have his claim for relief under the Convention Against Torture reconsidered in light of intervening, controlling case law—*Rodriguez-Arias v. Whitaker*, 915 F.3d 968 (4th Cir. 2019), and *Cabrera Vasquez v. Barr*, 919 F.3d 218 (4th Cir. 2019). The Immigration Judge granted this unopposed motion.

24. On December 9, 2019, the Immigration Judge again granted Petitioner's application for withholding of removal, and also granted relief under the Convention Against Torture. The Immigration Judge concluded that Petitioner was very candid and forthcoming in his testimony detailing his traumatic experiences in El Salvador. The Immigration Judge determined that Petitioner demonstrated that he faced persecution on account of his membership in the cognizable particular social group "young male family members of his cousin Emily," and that DHS failed to rebut the presumption that Petitioner's life and freedom would be threatened if he was returned to El Salvador. *See* 8 U.S.C. § 1231(b)(3) (requirements for withholding of removal). In granting relief under the Convention Against Torture, the Immigration Judge concluded that, in the aggregate, it was more likely than not that Petitioner would be tortured by the 18th Street Gang, the police, or vigilante anti-gang death squads if he was returned to El Salvador, and that the Salvadoran government would acquiesce in this torture. *See* 8 C.F.R. § 1208.16(c) (requirements for Convention Against Torture protection). This marked the third time Petitioner had won relief before an Immigration Judge.

25.     On December 19, 2019, DHS appealed to the Board, also for the third time. The parties completed their briefing on April 29, 2020. As of this filing, the Board has not issued a ruling. *See* Exhibit A (public docket).

26.     To this day, Petitioner remains in detention at Farmville Detention Center, despite the Immigration Judge's ruling (now over one year ago) granting his application for withholding of removal. The conditions of that detention have been particularly harsh. As detailed in another lawsuit brought by Petitioner and other detained individuals that is pending in this Court before the Honorable Leonie M. Brinkema, last summer, approximately 88 percent of detained individuals at Farmville Detention Center—including Petitioner—contracted COVID-19 following the transfer of 74 individuals from other detention facilities that were experiencing COVID-19 outbreaks. *See* Amended Complaint ¶¶ 1–12, *Santos Garcia v. Mayorkas*, No. 1:20-cv-00821-LMB-JFA (E.D. Va. Oct. 19, 2020).

27.     Under the regulations promulgated by the Attorney General, the Chairman of the Board is empowered to direct the conduct of Board employees "to ensure the efficient disposition of all pending cases." 8 C.F.R. § 1003.1(a)(2)(i)(C). The Board is directed to "resolve the questions before it in a manner that is timely, impartial, and consistent with the [INA] and regulations." *Id.* § 1003.1(d)(1).

28.     The Board "shall issue a decision on the merits as soon as practicable" following the completion of the record on appeal, "with a priority for cases or custody appeals involving detained aliens," like Petitioner here. 8 C.F.R. § 1003.1(e)(8). Specifically, the Board is required to dispose of all appeals within 90 or 180 days (depending on whether the case is assigned to a single Board member or to a panel of three Board members). *Id.* § 1003.1(e)(8)(i).

29.     In exigent circumstances, the Chairman may extend the deadline by up to 60 days. 8 C.F.R. § 1003.1(e)(8)(ii). If the Board cannot issue a decision within the extended time limit, "the

Chairman shall either assign the case to himself or a Vice Chairman for a final decision within 14 days or shall refer the case to the Director for decision." *Id.*

30.     Under the 90-day timeline for a single-member panel, and starting the clock when reply briefs were filed on April 29, 2020, a decision was due July 28, 2020. Applying the more generous 180-day timeframe for three-member panels, the Board was required to resolve DHS's appeal by October 26, 2020. Moreover, even if the Chairman had found exigent circumstances requiring extension of the time limit by 60 days, that period would have elapsed on December 25, 2020. Finally, if the Board was unable to decide the case even under the extended timeframe, and the Chairman assigned the case to himself or a Vice Chairman for a final decision, that decision would have been due on January 8, 2021. Under every lawful scenario, the Board has failed to meet the required deadline for resolving Petitioner's case.

31.     As of this filing, Petitioner's case has been pending before the Board for a total of 313 days, and 445 days have elapsed since DHS's notice of appeal in December 2019.

32.     Respondents' undue delay not only conflicts with the Attorney General's regulations, but also violates the APA, which states: "With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphases added).[2]

33.     Respondents have extended Petitioner's case beyond a reasonable time, exceeding even the longest of the Attorney General's time limits for ruling on appeals.

---

[2]     Relief is not contingent on the existence of a private right to a decision within a precise number of days. *Cf.* 8 C.F.R. § 1003.1(e)(8)(vi) (effective Sept. 3, 2019–Mar. 31, 2020) ("The provisions of this paragraph (e)(8) establishing time limits for the adjudication of appeals reflect an internal management directive in favor of timely dispositions, . . . and shall not be interpreted to[] create any substantive or procedural rights enforceable before any immigration judge or the Board, or in any court of law or equity."). Petitioner's right stems from the APA, and the Attorney General's guidance informs the meaning of "reasonable time" in Section 555(b) of Title 5 and "unreasonably delayed" in Section 706(1).

34. To be clear, Petitioner is not contesting in this Petition that he was lawfully subject to detention during DHS's appeal, nor does he invoke the substance of DHS's appeal as grounds for relief. Rather, Petitioner brings this action because the Board has unreasonably delayed action on the appeal of the ruling granting Petitioner's application for withholding of removal and relief under the Convention Against Torture.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
Administrative Procedure Act
(5 U.S.C. §§ 555(b), 702, 706(1))

35. Petitioner realleges and incorporates by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

36. An Immigration Judge granted Petitioner withholding of removal, as well as relief under the Convention Against Torture in December 2019. He nevertheless remains in detention because the Board has failed to timely dispose of DHS's appeal of that ruling, as required by law. Respondents, who are responsible for the actions and omissions of the Board, have failed to direct the Board to comply with its obligations under the law to resolve appeals in a timely manner.

37. The APA requires agencies to act "within a reasonable time" and authorizes courts to compel agency action "unreasonably delayed." 5 U.S.C. §§ 555(b), 702, 706(1).

38. In addressing claims of unreasonable delay, courts traditionally look to the six "TRAC factors" articulated in *Telecommunications Research & Action Center (TRAC) v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). These factors are as follows: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider

the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Id.* (internal quotation marks and citations omitted).

39. "[T]hese factors function not as a hard and fast set of required elements, but rather as useful guidance . . . . [T]heir roles may differ depending on the circumstances." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189–90 (D.C. Cir. 2016) (citation omitted).

40. The Attorney General's regulations implementing the INA supply a "rule of reason" to govern the Board's time to make a decision. *TRAC*, 750 F.2d at 80 (first factor). Respondents have long exceeded the deadlines specified in 8 C.F.R. § 1003.1(e)(8).

41. Though Congress did not provide a timetable for adjudication of Board appeals, it did authorize the Attorney General to promulgate regulations, which include the aforementioned deadlines. *See TRAC*, 750 F.2d at 80 (second factor). Those regulations, which were properly promulgated, "have the force of law and are binding on the government until properly repealed." *Gonzalez Rosario v. U.S. Citizenship & Immigration Servs.*, 365 F. Supp. 3d 1156, 1161 (W.D. Wash. 2018) (citation omitted) (rejecting defendants' argument that deadline established by regulations had less effect than one imposed by congressional statute in case brought by plaintiffs seeking to compel U.S. Citizenship and Immigration Services to comply with regulatory deadline for adjudicating work authorization documents).

42. "[H]uman health and welfare are at stake" in this delay. *TRAC*, 750 F.2d at 80 (third factor). Petitioner has been subjected to a prolonged detention that has caused significant harm and anguish.

43. Expediting this action would not have a significant effect on competing agency activities or priorities. *See TRAC*, 750 F.2d at 80 (fourth factor). The briefing of DHS's appeal is complete, and all that remains is for the Board to issue a decision.

44. Petitioner has significant liberty interests, as well as interests in the certainty and finality of his immigration status, that are prejudiced by this delay. *See TRAC*, 750 F.2d at 80 (fifth factor).

45. Courts "need not find any impropriety lurking behind [Respondents'] lassitude" in order to compel agency action. *TRAC*, 750 F.2d at 80 (sixth factor) (internal quotation marks omitted).

46. Respondents have failed to act within a reasonable time on DHS's appeal to the Board of Immigration Appeals, in violation of the APA. Considering the above factors, Petitioner is entitled to judicial relief to compel this action that has been unreasonably delayed.

## SECOND CAUSE OF ACTION
Mandamus Act
(28 U.S.C. § 1361)

47. Petitioner realleges and incorporates by reference each and every allegation in the preceding paragraphs as if set forth fully herein.

48. A writ of mandamus is appropriate where "(1) petitioner has no other adequate means to attain the relief [he] desires; (2) petitioner has shown a clear and indisputable right to the requested relief; and (3) the court deems the writ appropriate under the circumstances." *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (internal quotation marks, brackets, and citations omitted).

49. Relief from this Court is Petitioner's sole means of redress for Respondents' ongoing delay. Petitioner has waited 313 days with no indication that a Board decision is forthcoming. Moreover, no exhaustion requirements apply to this Petition.

50. Petitioner has a clear right to relief in that the APA affords him judicial review of agency action "unreasonably delayed." *See* 5 U.S.C. §§ 702, 706(1). Here, Respondents have exceeded

even the longest of the Attorney General's regulatory deadlines for timely disposition of Board appeals. Respondents have deprived the Petitioner of his right to timely resolution and have unduly extended his detention. Respondents also have a clear duty to act and cause the appeal to be processed in a timely manner. The APA states: "With due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." *Id.* § 555(b) (emphases added). Respondents have not proceeded "within a reasonable time," nor have they given "due regard" to Petitioner's need for a timely resolution of DHS's appeal.

51. Accordingly, mandamus is appropriate under these circumstances, and Petitioner is entitled to a writ of mandamus directing Respondents to cause the Board to promptly rule upon the DHS appeal. *Cf. Patel v. Barr*, No. CV 20-3856, 2020 WL 4700636 (E.D. Pa. Aug. 13, 2020), *reconsideration denied*, No. CV 20-3856, 2020 WL 6888250 (E.D. Pa. Nov. 24, 2020) (allowing mandamus petition, which sought to compel the Board to adjudicate petitioner's pending appeals, to proceed past a motion to dismiss).

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioner prays that this Court:

1. Declare that Respondents' inaction in Petitioner's case violated the INA and its regulations, as well as the APA;

2. Grant a writ of mandamus compelling Respondents and those acting under them to take all appropriate action to rule upon DHS's appeal of the Immigration Judge's decision without further delay;

3. Award Petitioner all costs incurred in maintaining this action, including attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, and on any other basis justified by law; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Joseph D. West
JOSEPH D. WEST (Va. Bar No. 16834)
THOMAS J. MCCORMAC IV (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
202-955-8658
202-887-3772
jwest@gibsondunn.com
tmccormac@gibsondunn.com

*Counsel for Petitioner*

March 8, 2021